**CV 13        2757**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

BRODIE, J.

---------------------------------------------------------------- x

RODRICK MALCOLM,

                Plaintiff,

-against-

CITY OF NEW YORK; Police Officer CLARIBEL AQUINO, (Shield No. 14847); Police Officer CHRISTOPHER HASSAN, (Shield No. 4075); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

----------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

ECF Case

Plaintiff by his attorney, Katherine E. Smith, Esq., complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, by defendants THE CITY OF NEW YORK ("City"); Police Officer CLARIBEL AQUINO, Shield No. 14847; Police Officer CHRISTOPHER HASSAN, Shield No. 4075; and P.O.s "JOHN and JANE DOE" #1-10 ("Does"); as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Rodrick Malcolm ("plaintiff" or "Mr. Malcolm") is an African-American male and was, at all relevant times, a resident of Kings County in the City and State of New York.

7. Defendant City is a municipal corporation organized under the laws of the State of New York.

8. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Claribel Aquino, Shield No. 14847 ("Aquino"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Aquino is sued in her individual and official capacities.

10. Defendant Police Officer Christopher Hassan, Shield No. 4075 ("Hassan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hassan is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times hereinafter mentioned, the defendants Aquino, Hassan and the Doe Defendants (collectively "Municipal Defendants"), either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

14. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

15. Plaintiff has been systematical harassed New York City Police Officers working within the confines of the 77th Precinct.

16. Specifically, on November 10, 2011 and May 4, 2012, as well as on several other occasions, New York City Police Officers unlawfully stopped, searched and arrested plaintiff.

17. On both November 10, 2011 and May 4, 2012, the officers used the threat of false criminal charges as leverage in an attempt to get to plaintiff to divulge information about illegal activity in the neighborhood.

18. On both occasions, plaintiff informed the officers that he was not privy to any such information.

19. Notwithstanding, the officers persisted in their unlawful behavior.

**Incident No. 1:** November 10, 2011

20. At approximately 1:52 p.m. on November 10, 2011, plaintiff was lawfully within the vicinity of Nostrand Avenue and Sterling Place, Brooklyn, New York.

21. Plaintiff was smoking a cigarette while walking with his girlfriend.

22. Several New York City Police Officers, including defendant Hassan, ran up to plaintiff.

23. They searched plaintiff and recovered no contraband.

24. Notwithstanding, the officers arrested plaintiff and forced him into vehicle.

25. The officers transported plaintiff to Dean Street and Classion Avenue where he was then put into another vehicle.

26. An officer sat in the back of the vehicle with plaintiff as they transported him to the police precinct.

27. The officer next to plaintiff placed his service weapon on the floor of the vehicle and told the other officers that plaintiff had put a weapon there.

28. Plaintiff adamantly denied his claims.

29. Once at the precinct, plaintiff informed the sergeant that the officer had attempted to plant a gun in the back of the vehicle.

30. The officers and the sergeant did nothing and merely laughed.

31. The officer then questioned plaintiff asking him to divulge information about illegal activity going on in the neighborhood.

32. The officers told plaintiff that if he would give them information they would release him and would not charge him or any crimes.

33. Plaintiff informed the officers that he knew nothing of illegal activity.

34. The defendant officers then falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff possess marijuana.

35. The officers falsified documents in an effort to cover-up their unlawful arrest of plaintiff.

36. At no point did the officers observe plaintiff commit any crimes and/or offenses.

37. From the precinct, plaintiff was transported to Brooklyn Central Booking.

38. Plaintiff was then arraigned in Kings County Criminal Court.

39. All charges against plaintiff were subsequently dismissed.

40. Plaintiff spent approximately twenty-four (48) hours in custody before he was released.

41. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

**Incident No. 2:** May 4, 2012

42. At approximately 10:00 a.m. on May 4, 2012, plaintiff was lawfully in the vicinity of 665 Sterling Street, Brooklyn, New York.

43. Plaintiff was talking with his friend, Christopher, near the doorway to his friend's apartment.

44. The apartment building's front door was closed.

45. Several New York City Police Officers, including defendant Aquino, pushed through the front door.

46. The officers questioned plaintiff and his friend, and asked them to produce identification.

47. Christopher showed the officers his identification, but plaintiff informed the officers that he did not have identification on his person.

48. The officers said that since plaintiff did not have identification, they were going to arrest him and take him to the precinct for questioning.

49. Despite the fact that they had no probable cause, the officers, including defendant Aquino, arrested plaintiff and placed him into handcuffs.

50. At no time did plaintiff possess any drugs, weapons or any other form of contraband on his person.

51. Plaintiff was transported to the police precinct.

52. While plaintiff was at the precinct, several officers interrogated him.

53. The officers promised plaintiff that if he told them information about what's "happening in the neighborhood" they drop the charges.

54. Plaintiff insisted that he knew nothing.

55. At the precinct the defendant officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff possess marijuana.

56. At no point did the officers observe plaintiff commit any crimes and/or offenses.

57. The officers falsified documents in an effort to cover-up their unlawful arrest of plaintiff.

58. From the precinct, plaintiff was transported to Brooklyn Central Booking.

59. Plaintiff was then arraigned in Kings County Criminal Court.

60. Plaintiff's criminal case was adjourned in contemplation of dismissal.

61. Plaintiff spent approximately twenty-four (24) hours in custody before he was released.

62. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
## 42 U.S.C. § 1983  Federal Civil Rights Violations

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

65. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### Unlawful Stop and Search

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause, privilege or consent.

74. As a direct and proximate result of this unlawful conduct, plaintiff's liberty was restricted for an extended period of time, they were put in fear for their safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

77. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

78. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Malicious Abuse of Process

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. The individual defendants issued legal process to place plaintiff under arrest.

81. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

82. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

83. As a direct and proximate result of this unlawful conduct, plaintiff sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights, in addition to the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

84. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

86. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

87. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

88. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

89. The individual defendants created false evidence against plaintiff.

90. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

91. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

92. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Municipal Liability

93. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

94. Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

95. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

96. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

97. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

98. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

99. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

100.　As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was illegally stopped, unlawfully searched, falsely arrested and was unlawfully detained.

101.　Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

102.　Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

103.　The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to:

    a)　Wrongfully stopping and detaining African-American individuals based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."

    b)　Wrongfully stopping and detaining African-American individuals based on racial profiling, as documented in the Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

104.　All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.　Not to be deprived of liberty without due process of law;

    B.　To be free from seizure and arrest not based upon probable cause;

      C.    Not to have cruel and unusual punishment imposed upon them; and

      D.    To receive equal protection under the law.

68. As a result of the foregoing, plaintiff is entitled to compensatory damages and further entitled to punitive damages against the individual defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

A) Compensatory damages against all defendants, jointly and severally;

B) Punitive damages against the individual defendants, jointly and severally;

C) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

D) Such other and further relief as this Court deems just and proper.


DATED:    May 7, 2013
          New York, New York


                                    _____
                                    Katherine E. Smith
                                    The Law Office of Katherine E. Smith
                                    495 Henry Street, #159
                                    Brooklyn, New York 11231
                                    (347) 470-3707
                                    ksmith@legalsmithny.com

                                    *Attorney for Plaintiff*